ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7157
> Fax: (415) 436-7027
> Ivana.Djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-mj-71466 MAG |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| JORGE RODAS SALGUERO, | |
| Defendant. | |

On October 11, 2023, Defendant Jorge Rodas Salguero was charged by Indictment with two counts of possession with intent to distribute fentanyl and methamphetamine, respectively, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The Defendant was charged by Complaint on September 27, 2023. The Government moved for detention, and a hearing was set initially for October 3, 2023. ECF No. 3. When the parties appeared for the detention hearing, the hearing was continued to allow counsel for Defendant to contact additional potential sureties. ECF No. 7. Subsequently Defendant did not appear for his detention hearing, though he was in custody, and the matter was put over to October 12, 2023. ECF No. 8.

At the detention hearing on October 12, 2023, Defendant was present and represented by Elizabeth Falk and assisted by a Spanish interpreter. Assistant United States Attorney Ivana Djak

1  appeared for the Government.  At the hearing, counsel submitted proffers and arguments regarding
2  detention.  The Court also had before it the Government's Memorandum in Support of the United
3  States' Motion for Detention and the Pretrial Services Report.  ECF Nos. 5, 6.

4  Upon consideration of the facts, proffers and arguments presented, and for the reasons in the
5  record and this Order, the Court finds by a preponderance of the evidence that no condition or
6  combination of conditions will reasonably assure the appearance of Mr. Salguero, and, furthermore, by
7  clear and convincing evidence, there is no condition or combination of conditions that will reasonably
8  assure the safety of any other person or the community.  The Court considered four factors in
9  determining whether the pretrial detention standards were met: (1) the nature and circumstances of the
10 offense charged, including whether the offense is a federal crime that involves, among other things, a
11 firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the
12 person, including the person's character, physical and mental condition, family and community ties,
13 employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse;
14 and (4) the nature and seriousness of the danger to any person or the community that would be posed by
15 the defendant's release.  18 U.S.C. § 3142(g).  In addition, the Government argued, and the Court
16 agrees, that a rebuttable presumption in favor of detention applies to this case pursuant to 18 U.SC.
17 § 3142(e)(3)(A).  Based on the criminal complaint supported by an affidavit, and signed by Judge Peter
18 H. Kang, there is probable cause to believe that Mr. Salguero committed an offense for which a
19 maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act.

20 The present Order supplements the Court's findings and order at the detention hearing and serves
21 as written findings of fact and a statement of reasons as required by Title 18, United States Code,
22 Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its
23 conclusion:

24 Mr. Salguero has two prior felony drug trafficking convictions, one from 2010 in San Francisco
25 and another from 2017 in Salt Lake City, Utah.  Yet, preliminary evidence indicates that he continued to
26 engage in illegal drug distribution.  The pending charges pertain specifically to methamphetamine and
27 fentanyl, the latter of which has caused substantial fatalities in San Francisco and is particularly deadly.
28 Furthermore, Mr. Salguero has no proposed sureties, and he has not offered to post a bond.  On these

grounds, there is clear and convincing evidence that Mr. Salguero poses a danger that cannot be mitigated by a condition or combination of conditions that can reasonably assure the safety of the community.

With respect to the risk of non-appearance, again, Mr. Salguero has not offered any sureties or to post a bond, and he has a record of repeated disregard for prior federal orders. Mr. Salguero has no stated family, employment, educational, or other legitimate social ties to this local community. While it is evident that he does not wish to live in Honduras, there is a risk that he could flee to other communities in the United States where he has resided in the past or has family. The Government has satisfied its burden, demonstrating by a preponderance of the evidence, that there is no condition or combination of conditions that will reasonably assure Mr. Salguero's appearance to answer to the pending charge.

For the foregoing reasons, Defendant must be detained pending trial in this matter.

These finding are made without prejudice to Defendant's right to seek review of his detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), **IT IS ORDERED THAT**:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

DATED: October 13, 2023

HONORABLE LISA J. CISNEROS
United States Magistrate Judge